UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ANGEL MANUEL OCASIO CARRION
ZINDIA L. MIRANDA MARTINEZ

DEBTORS

CASE NUMBER 08-01509 - ESL

CHAPTER 13

CHEVRON PUERTO RICO LLC

Plaintiffs

Vs.

ANGEL MANUEL OCASIO CARRION
ZINDIA L. MIRANDA MARTINEZ

Defendants

ADVERSARY PROCEEDING NUMBER:

08-0099

## OPINION AND ORDER

This case is before the court upon the motion for reconsideration of Order dated July 16, 2009 filed by the defendants (Dkt. #35), and plaintiff's opposition thereto (Dkt. #36). The order entered on July 16, 2009 (Dkt. #33) directed that partial judgment by default be entered in favor of plaintiff and against the debtors for failure to oppose plaintiff's request.[1] The order further stated that default judgment may not be entered as to the estate as the bankruptcy petition had been converted to chapter 7, and directed plaintiff and the chapter 7 trustee to move the court informing how they intend to proceed in this adversary proceeding.[2]

Defendants allege the court erred in finding that there was no opposition to the request for judgment by default and that a motion for reconsideration of order entered January 27, 2009 was filed

---

[1]As of this date the partial judgment has not been entered.

[2]As of this date neither plaintiff nor the chapter 7 trustee have moved the court.

- 2 -

and remains undecided.[3] The January 28, 2009 motion for reconsideration (Dkt. #19) prays for setting aside the entry of default as the moving counsel was not notified of the request for default. The motion alleges, and the record shows, that attorney César A. Andreu appeared in the bankruptcy lead case and assumed representation of the debtors. Notice of the appearance and assumption was electronically mailed to plaintiff's counsel. However, the notice of appearance was not filed in the adversary proceeding. The notice stated that the representation was only in the bankruptcy case.[4] Plaintiff filed an opposition on February 5, 2009 (Dkt. #21) detailing defendants' pattern of delay and neglect, dating back to a complaint filed on July 6, 2007 before the U.S. District Court of Puerto Rico to recover possession of the property and to collect a debt, case no 07-01603. The court agrees with plaintiff's allegations of a pattern of delay.[5]

On February 27, 2009 plaintiff moved the court to strike defendants' answer to the complaint and to deem all matters set forth in a request for admissions served on July 10, 2008 admitted. (Dkt. #25). As of this date the motion to strike and to deem admissions admitted has not been opposed. The court notes that on February 26, 2009 plaintiff filed a motion for leave to file its part of the

---

[3]On December 5, 2008 the court entered an order denying defendants' motion to dismiss and directed defendants to show cause why judgment by default should not be entered in favor of plaintiff for the relief requested in the complaint for defendants' failure to answer the complaint.(Dkt. #15). Upon defendants' failure to answer the order to show cause, plaintiff moved for the entry of default on January 15, 2009 (Dkt. #17). An order granting judgment by default was entered on January 27, 2009 (Dkt. #18).

[4]The court notes that counsel may have a conflict in representing in representing both debtors/defendants on account of their own personal conflict. See footnote 5.

[5]The voluntary chapter 13 petition was filed on March 12, 2008. On April 17, 2008 Chevron Puerto Rico LLC moved the court in the lead case to lift the automatic stay to proceed to obtain possession of its property. The request was denied on procedural grounds, as an adversary proceeding was the proper procedure to decide the contractual disputes between the parties. This adversary proceeding was filed. On July 29, 2008 the debtors/defendants moved to convert the chapter 13 petition to chapter 7. The request was granted on July 30, 2008, and a chapter 7 trustee was appointed. On October 24, 2008 debtors' former counsel moved the court for separate proceeding as to the codebtors due to their personal conflicts. The request was granted on November 20, 2008, and the chapter 7 trustee was ordered to take measures to avoid conflict. On October 24, 2008 debtors' former counsel moved the court to withdraw legal representation. The request was granted on November 13, 2008.

- 3 -

pretrial order since all efforts to coordinate the filing of a joint motion were fruitless. (Dkt. #22). Plaintiff in its opposition to the motion for reconsideration filed on July 26, 2009 again details the events constituting the basis for their contention that defendants have engaged in a pattern of delay.

On October 14, 2009 the successor chapter 7 trustee filed a motion in the lead bankruptcy case to reject the executory contract with Chevron Puerto Rico, to the extent one may exist (Dkt. #78 in lead case). The trustee discloses that the has been closed and abandoned, the lease contract with Chevron was terminated, and if one exists, the same is too burdensome to assume. The trustee concludes that there is no benefit to the estate in remaining in the premises.

## DISCUSSION

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd*, 2001 WL 958803 (1st Cir. 2001) (citing Vank Skiver v. United States 952 F.2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Id. In the instant case debtors'/defendants' motions for reconsideration were filed within ten (10) days after each of the orders for which reconsideration is sought was entered. Therefore, the motions will be treated as one filed under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bank. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence". Id. The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court.

- 4 -

Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

The travel of this case show a pattern of delay on defendants' part. The complaint was answered late. Upon conversion to chapter 7 the representative of the estate is the chapter 7 trustee, and the trustee is the party in interest with capacity to sue and be sued. 11 U.S.C. § 323. The trustee has clearly stated that he has no interest in pursuing any action concerning the lease/contract with Chevron Puerto Rico LLC as it is of no benefit to the estate. Defendants have not presented valid reasons that would move the court to pursue the controversy before the court, that is, allowing Chevron Puerto Rico LLC to obtain possession of its property from the debtor, on its merits after trial. Particularly since debtors/defendants are no longer the real parties in interest upon the conversion of the bankruptcy petition to chapter 7.

## CONCLUSION

In view of the foregoing the court hereby orders as follows:

1. The motion for reconsideration filed on January 28, 2009 (Dkt. #19) is hereby denied. The default against defendants stands.

2. The motion requesting order striking defendants' answer to adversary complaint and to deem request for admissions admitted (Dkt. #25) is hereby granted.

3. The motion for reconsideration filed on July 26, 2009 (Dkt. #35 is hereby denied.

4. Upon the trustee's motion in the lead case informing that he has no interest in the property or the lease with Chevron Puerto Rico LLC, it is now ordered that judgment in favor of plaintiff and against the estate be entered.

5. Since the partial judgment against the debtors/defendants was not entered, and considering

- 5 -

that judgment will be entered also as to the estate, the court now orders that final judgment be entered in favor of plaintiff and against defendants, as well as against the estate, for the relief requested in the complaint.

IT IS SO ORDERED.

Dated this 16th of October, 2009, in San Juan, Puerto Rico.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge